```
 1  NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
    U.S. Bank Tower
 2  633 West 5th Street, Suite 2600
    Los Angeles, California  90071
 3  (213) 488-9411   FAX:  (213) 488-9418
    e-mail:  zamora3@aol.com
 4
    Chapter 11 Trustee
 5
 6                  UNITED STATES BANKRUPTCY COURT
 7                  CENTRAL DISTRICT OF CALIFORNIA
 8                    SAN FERNANDO VALLEY DIVISION
 9  In re                          )  Case No. 1:00-bk-15821-GM
                                   )
10  CONTINENTAL COIN CORPORATION,  )  Chapter 11
                                   )
11       Debtor.                   )  NOTICE OF MOTION AND
                                   )  MOTION FOR ENTRY OF AN
12                                 )  ORDER FOR FINAL DECREE AND
                                   )  CLOSING CHAPTER 11 CASE;
13                                 )  DECLARATION OF SAMUEL R.
                                   )  BIGGS IN SUPPORT THEREOF
14                                 )
                                   )  [No hearing required]
15
```

16      TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY

17  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL CREDITORS

18  AND PARTIES IN INTEREST:

19      PLEASE TAKE NOTICE THAT Nancy Hoffmeier Zamora, Disbursing

20  Agent and former Chapter 11 Bankruptcy Trustee ("Disbursing

21  Agent") of the bankruptcy estate (the "Estate") in the above-

22  captioned case (the "Case") of debtor Continental Coin

23  Corporation ("Debtor") will, and hereby does, move this Court for

24  issuance of an Order closing this Chapter 11 Case and entering a

25  Final Decree ("Motion") pursuant to 28 U.S.C. §§157(b) and 1334,

26  and Local Bankruptcy Rules of the United States Bankruptcy Court

27  for the Central District of California ("LBR").  This Motion is

28  being made upon the grounds that Trustee's Original Liquidating

Plan (the "Plan") was confirmed at a hearing held on May 22, 2007 and the Order Confirming Trustee's Original Chapter 11 Liquidating Plan was entered on August 2, 2007 [docket no. 302] (the "Confirmation Order").  The Effective Date of the Plan was October 18, 2015 (the "Effective Date").

All initial distributions required to be made on the Effective Date of the Plan have been made, and the balance of the payments are ongoing.  Further, there are no pending matters or open proceedings remaining, and all final motions for approval of compensation and reimbursement of expenses have been approved by the Court.  In short, the Plan has been substantially consummated and therefore, the Case should be closed.  All outstanding fees to the Office of the United States Trustee ("UST") have been paid through the fourth quarter of 2016.

PLEASE TAKE FURTHER NOTICE that the Motion is based on this Notice of Motion, the Motion and the Memorandum of Points and Authorities, and Declaration of Samuel R, Biggs, filed herein, the entire record in this Case, and any other evidence properly presented to the Court.

PLEASE TAKE FURTHER NOTICE that pursuant to LBR 9013-1(o)(1) and (4), any interested party who wishes to respond to the relief requested in this Motion must request a hearing and file a written response or brief within fourteen (14) days of the date of this Notice.  The written response or brief must be filed with the Clerk of the Bankruptcy, located at 21041 Burbank Boulevard, Woodland Hills, California 91367, and served on the Office of the United States Trustee, located at 915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017, and Disbursing Agent at the

address set forth in the upper left-hand corner of the first page of this Notice.  Unless a hearing date is requested, no hearing date shall be set.

PLEASE TAKE FURTHER NOTICE that pursuant to LBR 9013-1(h), failure to file and serve a timely response may be deemed consent to the relief requested in the Motion.

PLEASE TAKE FURTHER NOTICE that if a timely objection to the requested relief or a request for a hearing is not made, the Court may enter an order granting the relief by default.

WHEREFORE, Disbursing Agent moves the Court to enter an Order pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure entering a final decree and closing this Case.

DATED: November 18, 2016

By: /s/ Nancy Hoffmeier Zamora
Nancy Hoffmeier Zamora
Disbursing Agent

## I. JURISDICTION AND VENUE

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(b) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of this matter in this district is proper pursuant to 28 U.S.C. §1409. The relief requested herein is pursuant to 11 U.S.C. §350(a), Bankruptcy Rule 3022, and LBR 3020-1(d).

## II. STATEMENT OF FACTS

A. <u>Background, Plan Confirmation, and Effective Date</u>

On June 19, 2000 (the "Petition Date"), Debtor filed its chapter 11 petition commencing the Case. On August 28, 2001, the Court entered that certain Order Directing Appointment of Chapter 11 Trustee. On August 31, 2001, the United States Trustee appointed Nancy Hoffmeier Zamora as chapter 11 trustee for the Case ("Trustee"). On September 4, 2001, the Court entered that certain Application for Order Approving Appointment of Trustee and Fixing Bond; Order Thereon.

After Trustee's administration of the Case, including, but not limited to, liquidating all assets, objecting to and resolving certain claims, litigating certain actions for recovery of preference payments and/or fraudulent transfers, and resolving certain state court litigation pending on the Petition Date, Trustee filed Trustee's Original Liquidating Plan (the "Plan"). The Court confirmed the Plan at a hearing on May 22, 2007. On August 2, 2007, the Court entered that certain Order Confirming Trustee's Original Chapter 11 Liquidating Plan [docket no. 302] (the "Confirmation Order"). Based on the delay caused by a creditor's adversary proceeding commenced after entry of the

Confirmation Order, the Effective Date of the Plan did not occur until October 18, 2015 (the "Effective Date").

The final fee applications of Trustee and the Estate's professionals were approved by orders entered by the Court on September 8, 2015 and September 28, 2015 [docket nos. 533 and 536]. As set forth in the Confirmation Order, the Effective Date occurred twenty (20) days after entry of the Court's order approving the final fee applications of Trustee and the Estate's professionals. The last order on a final fee application was entered on September 28, 2015 and the Effective Date was October 18, 2015.

Nancy Hoffmeier Zamora, as Trustee and, subsequently, as Disbursing Agent, filed all requisite monthly operating reports, filed all requisite post-confirmation quarterly reports, and paid all quarterly fees to the United States Trustee for the Case through the fourth quarter of 2016.

B.  <u>Plan Substantially Consummated; UST Compliance</u>

All initial distributions required to be made on the Effective Date of the Plan have been made, and the balance of the payments are ongoing. There are no pending matters or open proceedings remaining. All final motions for approval of compensation and reimbursement of expenses have been approved by the Court. In short, the Plan has been substantially consummated and therefore, the Case should be closed.

All outstanding fees to the UST have been paid through the fourth quarter of 2016. Disbursing Agent intends to file a quarterly report for the fourth quarter of 2016 before the Final Decree is entered. Disbursing Agent estimates that additional

payments to creditors holding allowed, unsecured claims will be made, pursuant to the Plan, after the Court enters the Final Decree.

### III.  RELIEF REQUESTED

Disbursing Agent seeks entry of an Order and Final Decree closing the Case pursuant to section 350(b) of the Bankruptcy Code, Bankruptcy Rule 3022, and LBR 3020-1(d), with such order deemed effective as of the date of entry.  Disbursing Agent further requests that such case closing order be without prejudice to or otherwise affect the continuing effect of the Plan and applicable provisions of the Confirmation Order, and that such case closing order authorize and direct all actions by Disbursing Agent and Disbursing Agent's professionals necessary or appropriate in connection with the closing including, but not limited to, the filing of final estate tax returns, the issuance to beneficiaries and filing of final tax statements, the filing and issuance of 1099 forms, and the closing of the relevant bank account.

Disbursing Agent believes that issuing a Final Decree and closing the Case is in the best interest of creditors and the Estate.  Closing the Case, at this time, not only will free up the Court's time and calendar, but will allow Disbursing Agent to complete the steps required by the Plan and the Confirmation Order including, but not limited to, filing final tax returns and tax-related documents; issuing final payments to creditors, Disbursing Agent and Disbursing Agent's professional(s); and closing of the relevant bank account.

. . . . .

**IV. BASIS FOR RELIEF**

Section §350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. §350(a). Bankruptcy Rule 3022, and LBR 3020-1(d). Bankruptcy Rule 3022 similarly provides that "[a]fter an estate is fully administered in a chapter 11 reorganization, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed.R.Bankr.P. 3022. Local Bankruptcy Rule 3020-1(d) provides for the issuance of a final decree in a chapter 11 case, and provides as follows:

(1) After an estate is fully administered in a chapter 11 reorganization case, a party in interest may file a motion for a final decree in the manner provided in LBR 9013-1(o).

(2) Notice of the motion must be served upon all parties upon whom the plan was served.

The above-noted provisions evidence a long-standing policy in favor of terminating bankruptcy court supervision over a debtor after its reorganization plan has been confirmed *See generally North Amer. Car Corp. v. Peerless Weighing & Vending Machin Corp.*, 143 F.2d 938, 940 (2d Cir. 1944). The Advisory Committee note to Bankruptcy Rule 3022 sets forth six factors that a court should consider in determining whether a case is fully administered:

1. Whether the order confirming the plan has become final;
2. Whether deposits required by the plan have been distributed;
3. Whether the property proposed by the plan to be transferred has been transferred;

4. Whether the debtor has assumed the business or the management of the property dealt with by the plan;

5. Whether payments under the plan have commenced; and

6. Whether all motions, contested matters and adversary proceedings have finally been resolved.

Not all of these factors need to exist before the court may enter a final decree. *See, e.g., In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). Further, the factors listed in the Advisory Committee note are not exclusive. *See, e.g., In re Jordan Mfg. Co.*, 13 B.R. 30, 35 (Bankr. C.D.Ill. 1992). Rather, courts use these factors "as a guide in assisting the . . . decision to close the case." *Mold Makers*, 124 B.R. at 768. "The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." *In re Ground Systems, Inc.*, 213 Bankr. 1016, 1019 (B.A.P. 9th Cir. 1997).

In the case at hand the factors articulated in the Advisory Committee note have been satisfied, because: (a) the Confirmation Order has become final; (b) all deposits, distributions, and transfers of property, if any, contemplated by the Plan have been made; (c) Debtor's business was liquidated prior to confirmation of the Plan; (d) payments under the Plan have been commenced; and (e) all motions, contested matters, and adversary proceedings have been finally resolved. Disbursing Agent anticipates completion and submission of a final quarterly report for the fourth quarter of 2016. All quarterly fees through the fourth quarter of 2016 have been paid.

. . . . .

**V.    NOTICE**

Notice of this Motion has been given to (a) all creditors, (b) the UST, (c) those persons who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002, and (d) all persons on whom the Plan was served.  Disbursing Agent submits that, in light of the nature of the relief requested, no other or further notice need be given.

**VI.    NO PRIOR REQUEST**

No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, Disbursing Agent respectfully requests entry of a final decree closing the Case pursuant to 11 U.S.C. §350(a), Bankruptcy Rule 3022, and LBR 3020-1(d), and granting such other and further relief as this Court deems just and proper.

DATED:   November 18, 2016

By:  /s/ Nancy Hoffmeier Zamora
Nancy Hoffmeier Zamora
Disbursing Agent

Case 1:00-bk-15821-GM    Doc 547    Filed 11/18/16    Entered 11/18/16 15:40:35    Desc
Main Document    Page 10 of 15

**DECLARATION OF SAMUEL R. BIGGS**

I, Samuel R. Biggs, declare:

1. I am a principal of SL Biggs, a division of Singer Lewak, formerly known as Biggs & Co. ("Biggs"), the accountant for the Disbursing Agent and the accountant for Trustee in the above-captioned case of debtor Continental Coin Corporation. If called upon as a witness I could and would competently testify to the matters stated herein.

2. All capitalized terms used in this declaration have the meanings ascribed to them in the foregoing Notice of Motion and Motion for Entry of an Order for Final Decree and Closing Chapter 11 Case (the "Motion") unless otherwise defined herein.

3. My knowledge of the facts set forth herein is based on my personal knowledge, my review of books and records in the Case, and my review of pleadings in the Case.

4. On the Petition Date, Debtor filed its chapter 11 petition commencing the Case. On August 28, 2001, the Court entered that certain Order Directing Appointment of Chapter 11 Trustee. On August 31, 2001, the UST appointed Trustee. On September 4, 2001, the Court entered that certain Application for Order Approving Appointment of Trustee and Fixing Bond; Order Thereon.

5. After Trustee's administration of the Case, including, but not limited to, liquidating all assets, objecting to and resolving certain claims, litigating certain actions for recovery of preference payments and/or fraudulent transfers, and resolving certain state court litigation pending on the Petition Date, Trustee filed the Plan. The Court confirmed the Plan at a

Case 1:00-bk-15821-GM    Doc 547    Filed 11/18/16    Entered 11/18/16 15:40:35    Desc
Main Document    Page 11 of 15

hearing on May 22, 2007.  On August 2, 2007, the Court entered the Confirmation Order.  Based on the delay caused by a creditor's adversary proceeding commenced after entry of the Confirmation Order, the Effective Date of the Plan did not occur until October 18, 2015.

6. The final fee applications of Trustee and the Estate's professionals were approved by orders entered by the Court on September 8, 2015 and September 28, 2015 [docket nos. 533 and 536].  As set forth in the Confirmation Order, the Effective Date occurred twenty (20) days after entry of the Court's order approving the final fee applications of Trustee and the Estate's professionals.  The last order on a final fee application was entered on September 28, 2015 and the Effective Date was October 18, 2015.

7. With the assistance of Biggs, Nancy Hoffmeier Zamora, as Trustee and, subsequently, as Disbursing Agent, filed all requisite monthly operating reports, filed all requisite post-confirmation quarterly reports, and paid all quarterly fees to the UST for the Case through the fourth quarter of 2016.

8. All initial distributions required to be made on the Effective Date of the Plan have been made, and the balance of the payments are ongoing.  There are no pending matters or open proceedings remaining.  All final motions for approval of compensation and reimbursement of expenses have been approved by the Court.  The Plan has been substantially consummated and the Case should be closed.

9. All outstanding fees to the UST have been paid through the fourth quarter of 2016.  With the assistance of Biggs,

Disbursing Agent intends to file a quarterly report for the fourth quarter of 2016 before the Final Decree is entered. With the assistance of Biggs, Disbursing Agent estimates that additional payments to creditors holding allowed, unsecured claims will be made, pursuant to the Plan, after the Court enters the Final Decree.

10. Biggs agrees with Disbursing Agent's requests (a) for entry of an Order and Final Decree closing the Case pursuant to section 350(b) of the Bankruptcy Code, Bankruptcy Rule 3022, and LBR 3020-1(d), with such order deemed effective as of the date of entry; (b) that such case closing order be without prejudice to or otherwise affect the continuing effect of the Plan and applicable provisions of the Confirmation Order, and (c) that such case closing order authorize and direct all actions by Disbursing Agent and Disbursing Agent's professionals necessary or appropriate in connection with the closing including, but not limited to, the filing of final estate tax returns, the issuance to beneficiaries and filing of final tax statements, the filing and issuance of 1099 forms, and the closing of the relevant bank account.

11. Biggs agrees with Disbursing Agent's belief that issuing a Final Decree and closing the Case is in the best interest of creditors and the Estate and that it will allow Disbursing Agent to complete the steps required by the Plan and the Confirmation Order including, but not limited to, filing final tax returns and tax-related documents; issuing final payments to creditors, Disbursing Agent and Disbursing Agent's professional(s); and closing of the relevant bank account.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of November, 2016, at Los Angeles, California.

_____
SAMUEL R. BIGGS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

U.S. Bank Tower, 633 West 5th Street, Suite 2600, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):

**NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER FOR FINAL DECREE AND CLOSING CHAPTER 11 CASE; DECLARATION OF SAMUEL R. BIGGS IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 18, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

U.S. Trustee: ustpregion16.wh.ecf@usdoj.gov
Disbursing Agent/ former Chapter 11 Trustee: Nancy J. Zamora, zamora3@aol.com, nzamora@ecf.epiqsystems.com
Trustee's Counsel: Anthony N. Zamora, zamora3@aol.com
Trustee's Special Litigation Counsel: Heather L. Rosing, hrosing@klinedinstlaw.com, tweems@klinedinstlaw.com; Thomas E. Daugherty, TDAUGHERTY@KLINDENSTLAW.COM, KHAMILTON@KLINEDINSTLAW.COM
Debtor's Counsel: Robert S Altagen, rsaink@earthlink.net
Counsel for Virtue: Daniel J McCarthy, dmccarthy@hillfarrer.com, spadilla@hillfarrer.com, docket@hillfarrer.com
Counsel for McCarthy/HFB: Won M. Park, wpark@wcb-law.com, maguiniga@wcb-law.com;dsokol@wcb-law.com
Counsel for Todd Parker: John D. Monte, johnmontelaw@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On November 18, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Disbursing Agent's CPA/former Trustee's CPA: Samuel R. Biggs, CPA, SLBIGGS, A Division of SingerLewak, 10960 Wilshire Blvd., 7th FL, Los Angeles, CA 90024
Counsel for Members of OCC: Randal A. Cohen, Esq., Silver & Arsht, 1860 Bridgegate Street, #A, Westlake Village, CA 91361-1409; Christopher Chaney, Esq., Law Offices of Christopher Chaney, 1055 East Colorado Blvd., #310 Pasadena, CA 91106
U.S. Trustee: S. Margaux Ross, Esq., Office of the United States Trustee, 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 18, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 18, 2016 | Cynthia Casas | /s/ Cynthia Casas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

# ADDITIONAL SERVICE LIST

Continental Coin Corporation
5627 Sepulveda Blvd.
Van Nuys, CA  91411

Fernando Haro
400 Lincoln Blvd., Suite 119
Venice, CA  90291

Douglas Todd Parker
23531 Aetna Street
Woodland Hills, CA  91367-1403

Michael Myhre
931 Calle Clavel
Thousand Oaks, CA 91360

Jose M. Gonzalez
7000 Alcove Avenue
North Hollywood, CA 91605-5139

David Hall
P.O. Box 304
Lake Hughes, CA 93532

Selected Findings
625 S. Hill St., Suite 239
Los Angeles, CA  90014

Citizen
8506 Osage Ave.
Los Angeles, CA  90045

Anderson Bremer Paper Co.
6636 Variel Ave.
Canoga Park, CA  91303-2808

Jewel Case Corp.
300 Niantic Ave.
Providence, RI 02907

Colibri Corporation
25 Fairmount Ave.
East Providence, RI 02914

Peter J. Grymkowski
13050 Spring Valley Parkway
8634 SVL Box
Victorville, CA 92395

Peter J. Grymkowski
c/o Paul Grymkowski
19847 Horseshoe Drive
Topanga, CA 90290

Gordon D. Mandley
6297 Jill Court
Simi Valley, CA 93063

American Express Travel Related
Beckett & Lee
P.O. Box 3001
Malvern, PA  19355-0701

CC&J Acquisition Corp.
c/o David S. Hagen, Esq.
16830 Ventura Blvd., Suite 500
Encino, CA  91436-1795

Fiserv Document Solutions
500 S. Kraemer Blvd.
Brea, CA 92821-6728

Praxair Distribution, Inc.
2301 SE Creekview Dr.
Ankeny, IA  50021-8853

James Dientenhofer
Summit/Cabo Blanco, Inc.
4411 Dupont Crt., Suite 130
Ventura, CA  93003

Oro America, Inc.
443 Varney St.
Burbank, CA  91502-1733

Mc Kesson Water Products
3280 E. Foothill Blvd.
Pasadena, CA  91107-3190

A Mark Precious Metals, Inc.
429 Santa Monica Blvd., #230
Santa Monica, CA 90401

A Mark Precious Metals, Inc.
c/o John F. Kurtz, Jr.,
Hawley Troxell Ennis & Hawley, LLP
877 W. Main St., Suite 1000
P.O. Box 1617
Boise, ID  83701

Cheryl O'Rourke
23743 Burbank Blvd.
Woodland Hills, CA  91367

Pacific Bell Directory
Bankruptcy Unit
2247 Northlake Parkway
Tucker, GA 30084-4005

Lease Corp. of America
3150 Livernois Road #300
Troy, MI 48083

Anchor Coin dba Games
c/o David D. Johnson
9295 Prototype Drive
Reno, NV 89521

Wilshire Coin Exchange
925-A Wilshire Blvd.
Santa Monica, CA  90401-1891

Gordon O'Rourke
23743 Burbank Blvd.
Woodland Hills, CA  91367

Gordon O'Rourke
16161 Ventura Blvd., Suite 520
Encino, CA 91436

A Mark PMI
100 Wilshire Blvd, Suite 300
Santa Monica, CA  90401

Los Angeles Treasurer and Tax Collector
P.O. Box 54110
Los Angeles, CA 90054-0110